THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EARL W. BLIGHTON, Appellant.

County Court, Monroe County, November 3, 1947.

*Nathaniel L. Goldstein, Attorney-General (R. Lloyd Sandholzer of counsel), for respondent.*

*H. Nile Eddy for appellant.*

BRASSER, J. This is an appeal from a judgment of conviction of the City Court, Criminal Branch, City of Rochester, New York, sitting as a Court of Special Sessions with a jury, upon the charge of violating sections 1250 and 1263 (now §§ 6501, 6513) of the Education Law defining the practice of medicine without a license.

The principal objections to the regularity and legality of the judgment of conviction are:

1. That the provisions of sections 1250, 1251 [now § 6501, 6502] and 1263, subdivision 7 [now § 6513, subd. 8], were not complied with in that the prosecution was initiated by the Education Department of the State of New York and not by the Attorney-General and that the court thereby did not obtain jurisdiction of the offense.

2. That the one act where diagnosis or treatment was charged in the information did not constitute the crime of the practice of medicine without a license.

3. That the acts of the defendant came within the exception of section 1262, subdivision 1, paragraph (8) [now § 6512, subd. 1, par. (8)], which provides, "This article shall not be construed to affect or prevent the following: * * * the practice of religious tenets of any church."

4. That on the whole record, the verdict of the jury was contrary to the law and the evidence.

In *People* v. *Lee* (151 Misc. 431, 433) Judge BERNSTEIN succinctly set forth the intention of the Legislature with reference to the prosecution of the offense by the Attorney-General

as follows: "To prosecute in the name of the People as provided by the Education Law does not necessarily mean that the prosecutor must be the informant or complaining witness or the person filing or making the charge. The commonly accepted meaning of prosecutor is one who takes charge of the case and performs the function of the trial lawyer for the People as does the district attorney in the prosecution of crimes in the County and Supreme Courts and in the Courts of Special and General Sessions of the City of New York." A theory that the Attorney-General must sign the information or personally prosecute offenses of which the defendant-appellant was accused is impossible of acceptance. The clear intent of the statute is that in the prosecution of any criminal action or violation of article 48 [now art. 131] of the Education Law, the Attorney-General or his deputy shall merely perform the duties in the prosecution of the actions which district attorneys are authorized to perform.

The first objection is, in the judgment of the court, untenable.

With reference to the objection that the single occurrence charged does not constitute the practice of medicine without a license, this court cannot agree. Under subdivision 7 of section 1250 [now § 6501, subd. 4] the practice of medicine is defined as applicable to a person who " holds himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition ". If it can be said that an isolated instance involving the diagnosis or treatment of any human disability is without the statute, it would logically follow that a person could legally perform an operation ordinarily requiring a high degree of medical skill, without fear of prosecution. The exceptions to article 48 [now art. 131] are contained in section 1262 of the Education Law [now § 6512], none of which seems to grant immunity to the practice of medicine even in an isolated instance, excepting possibly subdivision 1, paragraph (5), referring to the furnishing of medical assistance in case of emergency.

Referring to the objection of defendant-appellant that any act performed by him in connection with the attempt to alleviate physical suffering came within the exemptions of the statute on the ground that he was practicing the religious tenets of his church, a careful examination of the record does not connect the acts, particularly those of diagnosis, the application of

apparatus to determine blood pressure or the administration of certain diets, to the complainant, as a part of the tenets of his church. On the contrary, it appears that the objection that he was immune from prosecution because he was engaged as a minister in the performance of approved functions is, in fact, merely an artifice and cannot be condoned.

I am satisfied that the jury was justified on the record in finding that the defendant-appellant was guilty of the crime charged beyond a reasonable doubt and that the court had jurisdiction of the person of the defendant-appellant and of the subject matter.

The conviction is affirmed.